946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elton HUNTE, a/k/a Paul Hines, a/k/a Derrick, Defendant-Appellant.
 No. 91-5138.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1991.
Decided Oct. 23, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-90-45-3)
 William E. Martin, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Eric Evenson, Assistant United States Attorneys, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Elton Hunte pled guilty to conspiracy to distribute crack cocaine (21 U.S.C. § 846 (1988)). He appeals the sentence imposed on the ground that the district court erred in finding the amount of drug involved. We affirm.
 
 
 2
 An undercover agent bought ten vials of crack from Hunte directly on one occasion (average weight of crack per vial--.07 grams), bought nineteen vials of crack through an intermediary with Hunte present on another occasion (average weight of crack per vial--.047 grams), and bought twelve vials of crack from Anthony Graham, Hunte's runner, on a third occasion (average weight of crack per vial--.042 grams). The average weight of crack per vial for all three buys was .053 grams; however, the probation officer used an average weight of .051 grams. After hearing testimony from Graham and the undercover agent, the district court estimated that Graham had sold crack for Hunte for twenty-seven weeks, that he had received three sets of sixty-five vials each week, and that the average weight of crack in a vial was .07 grams. The court estimated the total amount of crack involved to be 368.55 grams, which resulted in a base offense level of 34.
 
 
 3
 Hunte contends that the evidence does not support the district court's findings that Graham always received three sets of sixty-five vials to sell each week, or that the average weight of each vial was as high as .07 grams. Although it appears from Graham's testimony at sentencing that he and Hunte had no set schedule for resupply, his testimony was that he would often, if not always, get a package of sixty-five vials on Monday and get another one on Thursday or Friday for the weekend. He said that he sometimes might sell three packages of sixty-five in one night. The agent testified that Graham told him he once got six packages of sixty-five vials in a week. This evidence supports a finding that, on average, Graham received and sold two sets of sixty-five vials a week. It does not support a finding that he received only one set of sixty-five vials a week.
 
 
 4
 If the low estimate of .051 grams of crack per vial is used with two sets of sixty-five vials of crack a week and twenty-seven weeks,* the total weight is 179.01 grams. This is still within the 150-500 gram range for a base level of 34. U.S.S.G. § 2D1.1(c). Thus, even if the district court overestimated the amount of crack involved, the evidence does not support a change in the offense level.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Hunte does not dispute the number of weeks on appeal